# EXHIBIT "A"

# J.K. "Jess" Irby, Esq.



Clerk of Circuit Court

## General Index Search

[« Search Form](#) [« Court Records Menu](#)

- [Summary](#)
- [Parties](#)
- [Events](#)
- Dockets
- [Charges](#)
- [Alerts](#)
- [Bond](#)
- [Summons](#)
- [Ticklers](#)
- [Disposition](#)
- [Costs](#)

## Docket List

**01 2024 CA 000010** - CIRCUIT CIVIL - DIV L (JUDGE WRIGHT)
ZHENG, HAIJUN -VS- LENNOX INDSUTRIES INC

7 records found

| File Date | Docket Text | Amount | Amount Due | Images | # of Pages |
|---|---|---|---|---|---|
| 02/16/2024 | COMPLAINT (REFILED DUE TO SCRIVENER'S ERROR) SUMMONS ISSUED - WITH FEE | | | 🔍 | 8 |
| 02/16/2024 | LENNOX INDSUTRIES INC (DEFENDANT); Receipt: 517440 Date: 02/16/2024 | $10.00 | $0.00 | 🔍 | 1 |
| 02/16/2024 | SHERIFF'S RETURN SUMMONS - SERVED | | | 🔍 | 1 |
| 01/03/2024 | SUMMONS UNISSUED - WITH FEE Receipt: 515168 Date: 01/03/2024 (CLERK UNABLE TO ISSUE AS THE DEFENDANT'S NAME IN THE BODY OF THE SUMMONS DOES NOT MATCH THE NAME IN THE BODY OF THE COMPLAINT) | $10.00 | $0.00 | 🔍 | 1 |
| 01/03/2024 | STANDING CASE MANAGEMENT ORDER PER A.O. 3.09 | | | 🔍 | 4 |
| 01/03/2024 | CIVIL COVER SHEET - JURY TRIAL REQUESTED | | | 🔍 | 3 |
| 01/03/2024 | COMPLAINT Receipt: 515168 Date: 01/03/2024 | $400.00 | $0.00 | 🔍 | 8 |

Username: **public_i**

Log Out


Clerk's Home Page
Public Records Online



IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT, IN AND
FOR ALACHUA COUNTY, FLORIDA

**HAIJUN ZHENG,**

      **Plaintiff,**

v.

**LENNOX INDSUTRIES, INC.,**

      **Defendant.**

_____/

**CASE NO.: XX-XXX  01 2024 CA 000010**
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, HAIJUN ZHENG, hereby sues Defendant, LENNOX INDUSTRIES, INC., and alleges:

## NATURE OF THE ACTION

1.      This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq/ and Chapter 448, Florida Statutes.

2.      This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, HAIJUN ZHENG, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his national origin. Plaintiff is a protected whistleblower due to his objecting to and/or refusing to participate in practices of Defendant that were in violation of one or more laws, rules or regulations. Plaintiff was retaliated against after reporting Defendant's unlawful employment practices.

4.      At all times pertinent hereto, Defendant, LENNOX INDUSTRIES, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, an Asian male with National Origin from China, began his employment with Defendant in or around January 2021 and held the position of Senior Mechanical Engineer at the time of his wrongful termination on October 20, 2022.

7.      Despite his stellar work performance during his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his national origin and because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter. Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Senior Engineering Manager Sanjeev Hingorani, an Asian/Indian male, and Project Manager Henry Greist, a Caucasian male.

9.      Plaintiff was a loyal, dedicated and industrious employee.

10.     During his employment with Defendant, Plaintiff has been treated less favorably than co-workers outside his protected classes including but not limited to Greist, regarding his

work product, workplace directions, communications, visibility, opportunity, false directives from Hingorani, and termination.

11.     By way of example, Greist rarely if ever finished his projects on time but was not reprimanded nor terminated. Additionally, throughout Plaintiff's employment, Hingorani yelled at Plaintiff but did not yell at Greist.  Greist was also permitted to attend ASHRAE technological meetings and weekly group meetings but Plaintiff was not allowed to attend.

12.     In March or April 2021, Greist began harassing Plaintiff and playing tricks on him during group meetings. When Plaintiff would start to make a presentation, Greist would interrupt and make comments such as "You don't know" during Plaintiff's presentations.

13.     Greist continued harassing Plaintiff throughout Plaintiff's employment. Plaintiff repeatedly reported Greist's misconduct to Hingorani, however no corrective action was taken.

14.     From June 2021 to October 2021 Greist greatly delayed Plaintiff from finishing the Smart IAQ Monitor, Yellowstone Project. The project entailed developing smart indoor air quality monitors. Greist was the project manager and was responsible for keeping the project timelines, organizing meetings and designing air sampling system and monitor housing. Greist also presented an air sampling system that was incorrect/inaccurate and could not be sold/marketed as designed. Plaintiff pointed out problems with the project and offered solutions.

15.     In 2022, Plaintiff was tasked with an air purifier development project. A third party lab provided questionable data to Plaintiff which Plaintiff was reluctant to use in the project. Plaintiff questioned the accuracy of the data to Hingorani but again no corrective action was taken.

16.     In 2022, Hingorani pressured Plaintiff to use virus inactivation data in his work and decision making. Plaintiff disagreed but was required to use this data that he was concerned about.

17.     In July 2022 Plaintiff planned to present the data from the air purifier development project to the President of Engineering f/n/u l/n/u, an Indian male. Hingorani asked Plaintiff to add a declaration on the first page of the presentation file that said "there is no relation between the lab data and real world applications." Plaintiff asked Hingorani how there could be no relation between lab data and real-world applications to which Hingorani replied "lower your voice." Plaintiff told Hingorani he could not include the declaration in his presentation because he could not explain it. Plaintiff suggested for Hingorani to allow the author of the declaration to present it. Hingorani threatened to report Plaintiff to the Director of Defendant, Emile Abi-habib, of Lebanon descent. Plaintiff knew that Hingorani wanted the declaration included as an excuse from liability if the purifier's performance did not reach the claimed effectiveness and refused to put his name of the declaration.

18.     From August 2022 to October 2022, Hingorani told Plaintiff not to attend weekly meetings with Abi-habib.

19.     In August 2022, Plaintiff worked on the air purifier project phase II for which Hingorani set a targeted performance.

20.     In September 2022, Hingorani falsely wrote Plaintiff up with a warning for allegedly being insubordinate, disobedient and for having behavioral issues.

21.     Shortly thereafter, Hingorani, Plaintiff and Human resources Senior Manager Michelle Dalluge, a Caucasian female, had a meeting to discuss the warning Hingorani had given Plaintiff. During the meeting, Hingorani falsely accused Plaintiff of saying "I can say anything I want to Emile."

22.     After the meeting, Plaintiff asked Hingorani if he intended to terminate Plaintiff. Hingorani said no but that he wanted Plaintiff to improve.

23.     In October 2022, Hingorani told Plaintiff that Product Engineer Nasim Rahman, an Iranian female, laughed at Plaintiff in a project meeting due to Plaintiff's "poor performance". This was false as Plaintiff and Rahman worked well together and got along.

24.     On October 20, 2022, Greist began falsely criticizing and attacking Plaintiff. Greist's conduct was encouraged and ratified by Hingorani.

25.     On October 20, 2022, Plaintiff was wrongfully terminated due to his reluctance to use questionable data in new product development. The data was questionable and products built or relied upon in the development thereof may not have been marketable or could have been sold/marketed with false claims of usability.  Plaintiff questioned the use of this data and he was fired.

26.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## NATIONAL ORIGIN DISCRIMINATION

27.     Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28.     This is an action against Defendant for discrimination based upon national origin brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq.

29.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's national origin in that Plaintiff was treated differently than similarly situated employees of Defendant who are born and raised in the United States and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's national origin.

30.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31.     Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were based on Plaintiff's national origin and in violation of the laws set forth herein. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

33.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon national origin.

34.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## PRIVATE WHISTLEBLOWER RETALIATION

35.     Paragraphs 1 through 26 are incorporated herein by reference.

36.     This is an action brought under §448.101, et seq., Florida Statutes.

37.     As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

38.     As a result of Plaintiff' objections, he was fired.

39.     Plaintiff was terminated because he objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

40.     The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

41.     As a direct and proximate cause of Plaintiff's participation in the Whistle Blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages, emotional pain and suffering, loss of the capacity for the enjoyment of life, and other tangible and intangible damages.  Plaintiff is entitled to injunctive/equitable relief.  These damages have occurred in the past, at present and will certainly occur in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)      enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)      enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)      award Plaintiff interest where appropriate; and

(g)      grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 2nd day of January 2024.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ALACHUA</u>   COUNTY, FLORIDA

<u>HAIJUN ZHENG</u>
Plaintiff

vs.

<u>LENNOX INDUSTRIES INC.</u>
Defendant

Case # _____
Judge _____

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.       NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>1</u>

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.      DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>       Fla. Bar # <u>739685</u>
      Attorney or party             (Bar # if attorney)

<u>Marie A Mattox</u>          <u>01/02/2024</u>
  (type or print name)         Date

## THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA
## ADMINISTRATIVE ORDER NO. 3.09

### STANDING CASE MANAGEMENT ORDER IN COUNTY AND CIRCUIT CIVIL CASES

**WHEREAS**, AOSC20-23 (amendment 10) requires the chief judge of each judicial circuit to promulgate an administrative order adopting a formal case management protocol for civil cases; and

**WHEREAS**, AOSC20-23 (amendment 10) requires the Chief Judge to cause a case management order establishing certain deadlines to be served in every civil case, it is hereby

**ORDERED:**

1.      The presiding judge in each civil case shall actively manage all civil cases and shall strictly comply with Florida Rule of Judicial Administration 2.545(a), (b) and (e).

2.      This order does not apply to cases proceeding under the Small Claims Rules; to landlord/tenant actions; to actions for unlawful detainer; or to any action requiring summary procedure pursuant to section 51.011, Florida Statutes.

3.      A system of differentiated case management shall be utilized in civil cases, which requires designation of each case as one of the following: complex, streamlined, or general.

4.      Complex civil cases shall be so designated pursuant to the criteria in Florida Rule of Civil Procedure 1.201. Upon such designation, complex civil cases shall proceed as stated in that rule.

5.      Factors to be considered by the trial judge in designating a case as streamlined shall include, but are not limited to, cases in which:

| | |
|---|---|
| (a) | There are no more than two parties; |
| (b) | Issues of liability and damages are not complex; |
| (c) | Relatively few pretrial motions are anticipated; |
| (d) | The need for discovery is limited; |
| (e) | There are relatively few witnesses anticipated; |
| (f) | Documentary evidence is anticipated to be minimal; |
| (g) | The trial is anticipated to take no longer than two (2) days; or |
| (h) | the case is otherwise likely to resolve in less than twelve months. |

"2024 CA 000010" 188953770 Filed at Alachua County Clerk 01/03/2024 08:15:00 AM EST

**6.**　　Any case not specifically designated as complex or streamlined shall be categorized as general.

**7.**　　In each civil case, the standing civil case management order (attached hereto as Appendix A) shall be signed by the plaintiff and filed in the court file along with the complaint. The plaintiff shall cause the standing order to be served, along with the complaint, on each named defendant. The Clerk shall not accept a civil case for filing without submission of the signed standing order.

**8.**　　Deadlines established herein shall be strictly enforced. This order may be modified when the case is at issue by further order of the court.

**ORDERED ON** this ⎽⎽23⎽⎽ day of April 2021.

　　　　　　　　　　　　　　　　Mark W. Moseley, Chief Judge

IN THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA

**STANDING CASE MANAGEMENT ORDER**

[AOSC20-23]

**THIS ACTION** is before the court for case management pursuant to AOSC20-23 (Amendment 10). Therefore, it is **ADJUDGED** that:

1.  This case is provisionally designated as a general civil case.

2.  **TRIAL DATE:**  The projected date for a non-jury trial shall be the first regular trial term taking place one year after the date of filing. The projected date for a jury trial shall be the first regular trial term taking place eighteen months after the date of filing. A firm trial date will be established by the presiding judge when the case is at issue. Trial term dates for each civil division are published on the Eighth Judicial Circuit Court website at https://circuit8.org/court-calendars/master-calendars/.  In county court cases, any case redesignated by the trial court as a streamlined case, in cases where the parties request it, or in any other case the trial court deems it appropriate, the trial date may be adjusted to take place sooner. Judges shall apply a firm continuance policy allowing continuances only for good cause shown.

3. **SERVICE**: Unless otherwise extended by court order for good cause shown, service of complaints should be completed within 120 days of filing. Requests for the addition of new parties shall be filed within 180 days of filing.

4. **DISCOVERY:** Fact and expert discovery shall be completed 60 days prior to the trial date set forth above.

5. **PRETRIAL MOTIONS**: Objections to pleadings and pretrial motions shall be resolved a minimum of 30 days prior to the trial date set forth above. Prior to filing ANY motion, counsel

filing the motion shall confer with opposing counsel by telephone or in person in a good faith attempt to resolve the motion. The motion shall contain a good faith statement reflecting the date and time of the conference with opposing counsel. A statement that counsel attempted to confer with opposing counsel is insufficient unless the good faith statement details the date and time of at least three attempts to confer that occurred within the one-month period immediately prior to the filing of the motion.

6. **MEDIATION**: The parties shall conclude mediation at least 90 days prior to the trial date set forth above.

7. Deadlines established herein shall be strictly enforced. "Lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case." This order may be modified at such time that the case is determined to be at issue. Fla. R. Civ. P. 1.440.

**ORDERED** in Alachua County, Florida, on April 23, 2021.

Mark W. Moseley, Chief Judge
on behalf of all presiding Eighth Circuit civil judges

I HEREBY CERTIFY that I have read and will comply with the foregoing standing order and shall cause it to be filed and served, contemporaneously with the complaint, on all named defendants.

Plaintiff or Plaintiff's Counsel                    Date
                                                    1/2/2024

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT, IN AND
FOR ALACHUA COUNTY, FLORIDA

**HAIJUN ZHENG,**

CASE NO.: XX-XXX-  01 2024 CA 000010
FLA BAR NO.: 0739685

   **Plaintiff,**

v.

**LENNOX INDSUTRIES, INC.,**                    **SUMMONS**

   **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

   YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

   **LENNOX INDSUTRIES, INC.**
   **c/o CORPORATION SERVICES COMPANY – REGISTERED AGENT**
   **1201 HAYS STREET**
   **TALLAHASSEE, FLORIDA 32301-2525**

   Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street,
Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

   DATED on _____, 2023.

                              CLERK OF THE CIRCUIT COURT

# CLERK UNABLE TO ISSUE
                              BY: _____

AS THE DEFENDANT'S NAME IN THE BODY OF THE SUMMONS DOES NOT MATCH THE NAME IN THE BODY OF THE COMPLAINT

# VERIFIED RETURN OF SERVICE

Job # T241429

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| HAIJUN ZHENG | |
| -versus- | County of Alachua, Florida |
| **DEFENDANT:** | Court Case # **01 2024 CA 000010** |
| LENNOX INDUSTRIES, INC. | |

**Service Info:**

Received by Hunter Rupnik: on February, 8th 2024 at 11:05 AM
**Service:** I Served **LENNOX INDUSTRIES, INC. C/O CORPORATION SERVICES COMPANY - REGISTERED AGENT**
With: **SUMMONS; COMPLAINT; STANDING CASE MANAGEMENT ORDER**
by leaving with **CIERRA YOUNG, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

At Business **1201 HAYS ST. TALLAHASSEE, FL 32301**
On **2/8/2024** at **01:10 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **Hunter Rupnik** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**Hunter Rupnik**
Lic # **287**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T241429**     Client Ref # **HAIJUN ZHENG**




1 of 1

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT, IN AND
FOR ALACHUA COUNTY, FLORIDA

**HAIJUN ZHENG,**

      **Plaintiff,**

v.

**LENNOX INDUSTRIES, INC.,**

      **Defendant.**

_____/

**CASE NO.: 24-CA-10**
**FLA BAR NO.: 0739685**

Corrected **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **LENNOX INDUSTRIES, INC.**
      **c/o CORPORATION SERVICES COMPANY – REGISTERED AGENT**
      **1201 HAYS STREET**
      **TALLAHASSEE, FLORIDA 32301-2525**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____FEBRUARY 16_____, 2024.

                                J.K. "JESS" IRBY, ESQ.
                                CLERK OF THE CIRCUIT COURT



      J.K. "JESS" IRBY, ESQ.
      CLERK OF THE CIRCUIT COURT
      CIVIL DIVISION
      201 E UNIVERSITY AVE
      GAINESVILLE, FL  32601

                                By: _____

                                    Deputy Clerk

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT, IN AND
FOR ALACHUA COUNTY, FLORIDA

**HAIJUN ZHENG,**

      **Plaintiff,**

v.

**LENNOX INDUSTRIES, INC.,**

      **Defendant.**

_____/

**CASE NO.: 24-CA-10**
**FLA BAR NO.: 0739685**

## COMPLAINT

(Refiled due to Scrivener's Error)

Plaintiff, HAIJUN ZHENG, hereby sues Defendant, LENNOX INDUSTRIES, INC., and

alleges:

## NATURE OF THE ACTION

1.      This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes, 42 U.S.C. §2000e et seq/ and Chapter 448, Florida Statutes.

2.      This action involves claims which are, individually, in excess of Fifty Thousand

Dollars ($50,000.00), exclusive of costs and interest.

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, HAIJUN ZHENG, has been a resident of the

State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to

his national origin. Plaintiff is a protected whistleblower due to his objecting to and/or refusing to

participate in practices of Defendant that were in violation of one or more laws, rules or

regulations. Plaintiff was retaliated against after reporting Defendant's unlawful employment

practices.

4.     At all times pertinent hereto, Defendant, LENNOX INDUSTRIES, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff, an Asian male with National Origin from China, began his employment with Defendant in or around January 2021 and held the position of Senior Mechanical Engineer at the time of his wrongful termination on October 20, 2022.

7.     Despite his stellar work performance during his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his national origin and because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter. Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8.     The disparate treatment and retaliation came at the hands of specifically but not limited to Senior Engineering Manager Sanjeev Hingorani, an Asian/Indian male, and Project Manager Henry Greist, a Caucasian male.

9.     Plaintiff was a loyal, dedicated and industrious employee.

10.    During his employment with Defendant, Plaintiff has been treated less favorably than co-workers outside his protected classes including but not limited to Greist, regarding his

work product, workplace directions, communications, visibility, opportunity, false directives from Hingorani, and termination.

11.     By way of example, Greist rarely if ever finished his projects on time but was not reprimanded nor terminated. Additionally, throughout Plaintiff's employment, Hingorani yelled at Plaintiff but did not yell at Greist.  Greist was also permitted to attend ASHRAE technological meetings and weekly group meetings but Plaintiff was not allowed to attend.

12.     In March or April 2021, Greist began harassing Plaintiff and playing tricks on him during group meetings. When Plaintiff would start to make a presentation, Greist would interrupt and make comments such as "You don't know" during Plaintiff's presentations.

13.     Greist continued harassing Plaintiff throughout Plaintiff's employment. Plaintiff repeatedly reported Greist's misconduct to Hingorani, however no corrective action was taken.

14.     From June 2021 to October 2021 Greist greatly delayed Plaintiff from finishing the Smart IAQ Monitor, Yellowstone Project. The project entailed developing smart indoor air quality monitors. Greist was the project manager and was responsible for keeping the project timelines, organizing meetings and designing air sampling system and monitor housing. Greist also presented an air sampling system that was incorrect/inaccurate and could not be sold/marketed as designed. Plaintiff pointed out problems with the project and offered solutions.

15.     In 2022, Plaintiff was tasked with an air purifier development project. A third party lab provided questionable data to Plaintiff which Plaintiff was reluctant to use in the project. Plaintiff questioned the accuracy of the data to Hingorani but again no corrective action was taken.

16.     In 2022, Hingorani pressured Plaintiff to use virus inactivation data in his work and decision making. Plaintiff disagreed but was required to use this data that he was concerned about.

17.     In July 2022 Plaintiff planned to present the data from the air purifier development project to the President of Engineering f/n/u l/n/u, an Indian male. Hingorani asked Plaintiff to add a declaration on the first page of the presentation file that said "there is no relation between the lab data and real world applications." Plaintiff asked Hingorani how there could be no relation between lab data and real-world applications to which Hingorani replied "lower your voice." Plaintiff told Hingorani he could not include the declaration in his presentation because he could not explain it. Plaintiff suggested for Hingorani to allow the author of the declaration to present it. Hingorani threatened to report Plaintiff to the Director of Defendant, Emile Abi-habib, of Lebanon descent. Plaintiff knew that Hingorani wanted the declaration included as an excuse from liability if the purifier's performance did not reach the claimed effectiveness and refused to put his name of the declaration.

18.     From August 2022 to October 2022, Hingorani told Plaintiff not to attend weekly meetings with Abi-habib.

19.     In August 2022, Plaintiff worked on the air purifier project phase II for which Hingorani set a targeted performance.

20.     In September 2022, Hingorani falsely wrote Plaintiff up with a warning for allegedly being insubordinate, disobedient and for having behavioral issues.

21.     Shortly thereafter, Hingorani, Plaintiff and Human resources Senior Manager Michelle Dalluge, a Caucasian female, had a meeting to discuss the warning Hingorani had given Plaintiff. During the meeting, Hingorani falsely accused Plaintiff of saying "I can say anything I want to Emile."

22.     After the meeting, Plaintiff asked Hingorani if he intended to terminate Plaintiff. Hingorani said no but that he wanted Plaintiff to improve.

23.     In October 2022, Hingorani told Plaintiff that Product Engineer Nasim Rahman, an Iranian female, laughed at Plaintiff in a project meeting due to Plaintiff's "poor performance". This was false as Plaintiff and Rahman worked well together and got along.

24.     On October 20, 2022, Greist began falsely criticizing and attacking Plaintiff. Greist's conduct was encouraged and ratified by Hingorani.

25.     On October 20, 2022, Plaintiff was wrongfully terminated due to his reluctance to use questionable data in new product development. The data was questionable and products built or relied upon in the development thereof may not have been marketable or could have been sold/marketed with false claims of usability.  Plaintiff questioned the use of this data and he was fired.

26.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## NATIONAL ORIGIN DISCRIMINATION

27.     Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28.     This is an action against Defendant for discrimination based upon national origin brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq.

29.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's national origin in that Plaintiff was treated differently than similarly situated employees of Defendant who are born and raised in the United States and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's national origin.

30.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31.     Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were based on Plaintiff's national origin and in violation of the laws set forth herein. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

33.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon national origin.

34.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## PRIVATE WHISTLEBLOWER RETALIATION

35.     Paragraphs 1 through 26 are incorporated herein by reference.

36.     This is an action brought under §448.101, et seq., Florida Statutes.

37.    As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

38.    As a result of Plaintiff' objections, he was fired.

39.    Plaintiff was terminated because he objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

40.    The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

41.    As a direct and proximate cause of Plaintiff's participation in the Whistle Blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages, emotional pain and suffering, loss of the capacity for the enjoyment of life, and other tangible and intangible damages.  Plaintiff is entitled to injunctive/equitable relief.  These damages have occurred in the past, at present and will certainly occur in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining

Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff

attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the

circumstances, including but not limited to reinstatement.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 15th day of February 2024.

Respectfully submitted,


<u>/s/ Marie A. Mattox</u>
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF